IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALCOM MAXWELL RYIDU-X, #273-575
    Petitioner
                                      :

     v.                               :          CIVIL ACTION NO. WDQ-14-2408

WARDEN WAYNE A. WEBB, et al.,     :
    Respondents

### MEMORANDUM OPINION

The Respondents move to dismiss Malcom Maxwell Ryidu-X's[1] Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d).  (ECF 7).  Ryidu-X has responded, arguing the limitations period should be deemed equitably tolled.  (ECF No. 9). After reviewing these papers, the Court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2).  For reasons set forth herein, the Court shall dismiss the Petition with prejudice as time-barred.

On November 5, 2007, Ryidu-X was indicted in the Circuit Court for Anne Arundel County for first-degree assault and first-degree assault on a Division of Correction ("DOC") employee alleged to have occurred on July 4, 2006.[2]  On April 11, 2008, Ryidu-X, represented by counsel, plead guilty to first-degree assault.[3]  On June 30, 2008, he was sentenced to fifteen years of incarceration consecutive to any sentence he was then serving.  (ECF 7-1, ECF 1).[4] Ryidu-X did not file an application for leave to appeal the entry of his guilty plea and sentence; thus, his judgment of conviction became final on July 30, 2008, when the time for filing for leave to appeal expired.  *See* Md. Code. Ann., Cts & Jud. Proc. Art., §12-302 (e) (1997) (appeal of

---

[1] Ryidu-X is also known as Richard Janey.

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K07002164&loc=60&detailLoc=K.

[3] The remaining claim of assault on a DOC employee was nolle prossed.

[4] Pagination in this Memorandum Opinion references that assigned by the Court's electronic docketing system.

guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought).

Six weeks prior to entering his guilty plea, Ryidu-X filed a civil rights action in this Court, alleging that "[f]rom 7/4/06 through 2/15/08," DOC personnel were deliberately indifferent " to his safety, culminating in his being "forced . . . to commit illegal and violent acts in attempts to defend myself . . . on 7/4/06." *Ryidu-x v. WCI, et al.,* Civil Action No. WDQ-08-558 (D. Md.), ECF No. 1, pp. 5-7.  On May 16, 2008, counsel was appointed to represent Ryidu-X; the case culminated with a settlement agreement favorable to Ryidu-X, which he signed on September 22, 2010.  *Id.,* ECF No. 56 (document sealed).

On May 5, 2011, Ryidu-X filed a petition for post-conviction relief in the Circuit Court for Anne Arundel County, challenging his guilty plea.  (ECF 7-1).  The Circuit Court denied relief on May 25, 2012.  *Id.*  Ryidu-X filed an application for leave to appeal this ruling.  In an unreported opinion filed on December 27, 2013, the Court of Special Appeals of Maryland affirmed the post-conviction court's ruling in an unreported opinion.  (ECF 7-2).  The mandate issued on January 27, 2014.  (ECF 7-2).

Ryidu-X seeks federal habeas corpus relief by asserting ineffective assistance of counsel for meeting with his alleged "victim" and for failing to argue that the incident was grounded in self-defense.  He further argues that his plea was rendered invalid because it was "made under duress" and was premised on a promise that he would be transferred "out of harm['] way if he accepted the plea," which did not occur.  (ECF No. 1, pp. 5-6).  His Petition was signed on May 7, 2014 (ECF 1, p. 7), and is deemed filed on that date.  *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

2

It is not disputed that within one year of completing his state post-conviction challenge to his guilty plea, Ryidu-X filed the instant federal action.[5]  That diligence, however, does not defeat Respondents' argument concerning the one-year limitations period, which focuses on Ryidu-X's failure to initiate state post-conviction proceedings for nearly three years following the expiration of the time for seeking leave to appeal his guilty plea and sentence.

The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1) (A).  Here, the limitations period began to run on July 30, 2008, and expired one year later, on July 30, 2009. Clearly, Ryidu-X failed to seek federal habeas corpus relief in a timely manner.  He presents no grounds to support an argument that the limitations period should be statutorily tolled in his favor.

Ryidu-X claims that he is entitled to equitable tolling of the one-year limitations period because he was entirely focused on litigation to correct his perilous housing status, which he argues was necessary to "save his life," and made it "both physically and psychologically impossible for [him] (or any human being)" to focus on overturning his conviction.  (ECF No. 9, p. 3).  In order to be entitled to equitable tolling, Ryidu-X must establish that either some wrongful conduct by Respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339  F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

---

[5] The instant Petition was filed 100 days after the mandate issued.

Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Ryidu-X from timely initiating post-conviction relief with regard to the validity of his guilty plea. Indeed, it appears that court-appointed counsel entered an appearance in connection with Ryidu-X's civil rights claim alleging a lack of safety one day after Ryidu-X was sentenced. Furthermore, Ryidu-X was not so consumed with his safety concerns during the time between his plea and his post-conviction petition that he could not pursue civil litigation in the Maryland state courts.[6] To the extent delay in completing post-conviction review might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).

Ryidu-X has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the Court will deny and dismiss the Petition. A Certificate of Appealability will not issue because Ryidu-X has not made a "substantial showing of the denial of a constitutional right."[7]

2/24/15
Date

William D. Quarles, Jr.
United States District Judge

---

[6] *See In the Matter of Richard Janey,* Circuit Court for Allegany County, Case No. 01C10033296 (administrative agency appeal filed January 7, 2010); *In the Matter of Malcom M. Ryidu,* Circuit Court for Anne Arundel County, Case No. 02-C-10-150868 (administrative agency appeals filed March 23, 2010); *In the Matter of Malcom M. Ryidu,* Circuit Court for Anne Arundel County, Case No. 02-C-10-150869 (administrative agency appeal filed April 2, 2010); *In the Matter of Malcom Ryidu X,* Circuit Court for Anne Arundel County, Case No. 02-C-10-151229 (administrative agency appeal filed April 12, 2010); and *In the Matter of Malcom M. RyiduX,* Circuit Court for Anne Arundel County, Case No. 02-C-10-151896 (filed May 4, 2010).

[7] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Denial of a Certificate of Appealability in the district court does not preclude Ryidu-X from requesting a Certificate of Appealability from the appellate court.